IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERONICA L. MAXWELL | : | CIVIL ACTION |
| | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of the Social | : | |
| Security Administration, | : | NO. 22-4465 |

<u>MEMORANDUM</u>

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                    May 25, 2023

Veronica L. Maxwell ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.  Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it and Plaintiff has filed a reply brief.  For the reasons set forth below, Plaintiff's request for review is denied.

### I.     PROCEDURAL HISTORY[1]

On February 12, 2020, Plaintiff applied for DIB and SSI, alleging disability, because of mental health impairments, that commenced on March 20, 2019.  R. 15.  The claim was denied, initially and upon reconsideration; therefore, Plaintiff requested a hearing.  *Id.*  On March 26, 2021, because of COVID-19 precautions, Plaintiff appeared for a telephone hearing before Jennifer M. Lash, Administrative Law Judge ("the ALJ").  *Id.*  Plaintiff, represented by an attorney, and Sherry Kristal-Turetzky, a vocational expert, ("the VE") testified at the hearing.  *Id.*  On December 13,

---

[1] The court has reviewed and considered the following documents in analyzing this case:  Plaintiff's Brief and Statement of Issues on Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply") , and the administrative record.  ("R.").

2021, the ALJ, using the sequential evaluation process for disability,[2] issued an unfavorable decision. R. 15-30. The Social Security Administration's Appeals Council denied Plaintiff's request for review, on September 20, 2022, making the ALJ's findings the final determination of the Commissioner. R. 1-4. Plaintiff seeks judicial review and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.     FACTUAL BACKGROUND

A.     <u>Personal History</u>

Plaintiff, born on March 4, 1967, R. 28, was 54 years old on the date of the ALJ's decision. Although she has no past relevant work, at the time of the administrative hearing, she was working part time – two hours a day, four days each week – as a crossing guard.[3]  R. 49. Plaintiff neither drives nor has a driver's license. R. 48-49. She is single, has no children, and, for the past 18

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

[3] The ALJ concluded that Plaintiff has no past relevant work, R. 28, likely because Plaintiff's work history consisted solely of part-time employment.

years, has lived with her mother and stepfather.  R. 48, 52, 54, 59.

B.  <u>Plaintiff's Testimony</u>

At the March 26, 2021 administrative hearing, Plaintiff testified about her limitations.  R. 48-72.  Plaintiff claimed that she has been fired from every job she has ever held, because she has a bad temper and snaps at coworkers.  R. 52.  She believes her inability to get along with others renders her unemployable.  *Id.*  Despite this problem, Plaintiff is also afraid to live alone, which is why she resides with her mother and stepfather.  R. 53.

Plaintiff suffers panic attacks, approximately once a week; during an episode, she begins to sweat, her heart beats faster and she has trouble breathing.  R. 66.  She cannot identify anything in particular that triggers her panic attacks; they are unpredictable.  R. 66-67.  To relieve a panic attack, Plaintiff's mother helps her calm down.  R. 66.

Plaintiff's mother typically takes her to appointments.  R. 54-55.  Although Plaintiff is able to use public transportation, she dislikes it when strangers sit next to her.  R. 55.

Plaintiff treated with Dr. Cespon for approximately four years, for her mental health problems; before that, she saw a different doctor.  R. 56.  Prior to COVID-19 restrictions, she saw Dr. Cespon once a month, in person; since COVID-19, she has treated with him once a month, by telephone, for approximately 45-minute sessions.  R. 56-57, 64.  Aside from prescribing her medication, Dr. Cespon speaks to Plaintiff about her condition; she feels that helps.  R. 64-65.  The only side-effect she experiences from her medication is disturbing dreams, which prevent her from sleeping soundly; as a result, Plaintiff only sleeps two to three hours each night.  R. 58, 63.

Plaintiff is able to shower and dress herself each day.  R. 59.  The only place she goes regularly is to the convenience store to purchase cigarettes.  R. 59-60.  Plaintiff does not go to the supermarket to grocery shop; her mother does that.  R. 60.  She accompanied her mother once

several years ago and experienced a panic attack; she has not returned to the supermarket since then.  *Id.*  Prior to COVID-19 restrictions, she only ventured out to a park for outdoor concerts; she stayed away from people and near her mother's car.  R. 60-61.  She did not dine out or visit friends or family outside of her home.  R. 61.  The only chores she performs are cleaning the bathroom and washing dishes.  R. 61-62.

C.      Vocational Testimony

The VE was asked to consider an individual of the same age and education as Plaintiff, having no past work, who could perform work at all exertional levels and had the following limitations:  capable of only routine and repetitive tasks, requiring no more than normal breaks; tolerating no frequent change in the work setting; capable of no public interaction and no more than occasional interaction with coworkers and supervisors.  R. 73.  The VE identified three, medium[4] exertion, unskilled[5] jobs:  (1) laundry worker, 5,400 positions in the national economy; (2) cleaner II, 55,900 positions in the national economy; and (3) floor waxer, 118,300 positions in the national economy.  R. 73-74.  Next, the VE was asked to consider the same individual with the additional limitation that she could not perform work at production rate pace, meaning no assembly line work.  R. 74.  The VE responded that this person could perform the same three jobs, because they were not production rate based.  *Id.*  The VE confirmed that her testimony was consistent with the Dictionary of Occupational Titles ("DOT"); with respect to breaks, frequency of change, and production rate, which the DOT does not address, she relied upon her professional experience, onsite job analyses, labor market research, and job placement.  *Id.*  Finally, the VE opined that

---

[4] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. §§ 404.1567(c), 416.967(c).
[5] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.  The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs."  20 C.F.R. §§ 404.1568(a), 416.968(a).

employers do not tolerate an employee being off-task 10% of the time or being absent more than one work-day per month; this opinion is based upon her professional experience, because it is not addressed in the DOT. R. 75.

### III. THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2021.

2. [Plaintiff] has not engaged in substantial gainful activity since March 20, 2019, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3. [Plaintiff] has the following "severe" impairments: depressive disorders, anxiety disorder, trauma and stressor-related disorder, and alcohol/cocaine use disorders (20 CFR 404.1520(c) and 416.920(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526,416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that [Plaintiff] has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can perform routine and repetitive tasks but not a production rate pace (e.g., no assembly line work) requiring no more than normal breaks, no frequent changes in the work setting, no public interaction, and no more than occasional interaction with coworkers and supervisors.

6. [Plaintiff] has no past relevant work (20 CFR 404.1565 and 416.965).

7. [Plaintiff] was born on March 4, 1967 and was 52 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563, 416.963).

8. [Plaintiff] has a limited education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue because [Plaintiff] does not have past relevant work (20 CFR 404.1568 and 416.968).

10. Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from March 20, 2019, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

R. 17-19, 21, 28-29.

## IV. DISCUSSION

A. <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986),

*cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B. <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.     Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that, although Plaintiff had no past relevant work, she could perform other jobs that exist in the national economy and, hence, was not disabled. R. 15-30. Plaintiff disputes the ALJ's decision and argues that the ALJ reversibly erred by failing to afford proper weight to the opinions contained in the January 21, 2021 statement of her treating psychiatrist, Ruben Cespon, M.D. Pl. Br. at 1-8. The Commissioner denies Plaintiff's assertion. Resp. at 1-14. This court finds that the ALJ committed no error.

When addressing Dr. Cespon's January 21, 2021 opinions, the ALJ acknowledged the doctor's opinions that Plaintiff had marked limitation in her abilities to interact with others and adapt and manage herself,[6] would be off-task more than 25% of the time and miss more than four days of work each month.[7] R. 26. The ALJ specifically rejected these opinions. *Id.* In doing so, the ALJ explained that Dr. Cespon's opinions were not well-supported by his own treatment notes, because he noted only a small number of psychiatric abnormalities during mental status examinations, found Plaintiff grossly normal on multiple occasions, and noted her to be doing well on multiple occasions. *Id.* (citing Ex. B3F at 4, 7-15; B5F at 2; B10F at 2-4; B17F at 6-11). The ALJ also found that Dr. Cespon's opinions were not consistent with the overall evidence in the record; the ALJ noted that Plaintiff had not had any inpatient psychiatric care, did not treat with a psychologist, and had no intensive outpatient psychiatric treatment. R. 26.

The ALJ's analysis focused on the two criteria (supportability and consistency) that are most significant – and the only ones she was required to address explicitly – in her decision. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (stating that supportability and consistency are the most

---

[6] These two, marked mental functioning limitations would satisfy the requirements of a listed impairment. *See* R. 19 (citing Listed Impairments 12.04(B), 12.06(B), and 12.15(B).
[7] Per the VE's testimony, the latter two limitations would be work-preclusive. R. 75.

8

important factors when considering opinion evidence); §§ 404.1520c(b)(2), 416.920c(b)(2) (stating that an ALJ may, but is not required to, articulate how she considered factors other than supportability and consistency). Hence, her explanation complied with the governing regulations. Furthermore, her citation to the record provided more than a scintilla of evidence to support her conclusions concerning supportability and consistency. Therefore, the ALJ's decision was supported by substantial evidence. *Biestek*, 139 S. Ct. at 1154. Because the ALJ's decision was free from legal error and supported by substantial evidence, it must be affirmed.

      An implementing order and order of judgment follow.